UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**GARY STEPHEN CRAIG**                                                                                    **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:25-CV-458-JHM**

**COOKIE CREWS** *et al.*                                                                             **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Gary Stephen Craig filed the instant *pro se* civil action under 42 U.S.C. § 1983 proceeding *in forma pauperis*. This matter is now before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff sues Cookie Crews, the Commissioner of the Kentucky Department of Corrections; Ladeidra N. Jones, the Chairperson of the Kentucky Parole Board; Natalie Popham, an assistant parole supervisor; and Addison Fletcher, a parole officer.

Plaintiff states that he is 74 years old and "has been on supervised parole since approximately 2003 following a 1974 conviction." He states that he has served parole "without a single violation." He asserts, "Despite exemplary conduct Plaintiff remains under active and extremely restrictive arbitrary supervision unlike similarly situated parolees who are transitioned to unsupervised status within approximately 3 years." He continues, "In an act of arbitrary personal discretion, Defendants confiscated Plaintiff's television cable equipment, cell phone, and computer, citing no formal violation or Parole Board-approved condition, and in violation of Parole Board Regulations regarding parole conditions." He also states that he is prohibited from

having unsupervised contact with persons under the age of 18, including family members, even though his underlying offense did not involve a minor. He maintains that his travel out of the county and state are restricted. He asserts that the parole conditions were imposed by Defendants arbitrarily without "[f]ormal notification of changes to parole terms"; a hearing or opportunity to appeal to the Parole Board; or "[w]ritten notice or documentation of justification, medical or behavioral concerns, or Board approval, as required by property promulgated Parole Board Regulations in effect." He reports that he was denied habeas corpus relief in state court.

Plaintiff alleges denial of his rights to equal protection and due process. As relief, he seeks injunctive relief in the form of "removing the excessive restrictions and restoring Plaintiff's personal property and familial contact" and "requiring Defendants to remove Plaintiff from active parole status." He also seeks declaratory relief and compensatory and punitive damages.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d at 608–09. On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court

from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Plaintiff challenges the constitutionality of the conditions of his parole, which is a form of confinement, so his claims are also only cognizable in habeas corpus. *See Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963) (parole conditions place a paroled prisoner in "custody" for habeas purposes); *Coates v. Gorham*, No. 13-2145, 2014 U.S. App. LEXIS 25396, at *2 (6th Cir. Oct. 10, 2014) ("[W]e have held that a petition for a writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner in which his parole is to be served."). Therefore, Plaintiff's § 1983 complaint challenging the conditions of his parole is barred by *Heck*. *See Holson v. Good*, 579 F. App'x 363, 365 (6th Cir. 2014) (dismissing § 1983 claims challenging the conditions of the plaintiff's parole as barred by *Heck*); *Szymanski v. MDOC-Parole Bd.*, No. 24-cv-12536, 2025 U.S. Dist. LEXIS 26310, at *4 (E.D. Mich. Feb. 13, 2025) (same) (collecting cases); *Franklin v. Rausch*, No. 3:20-cv-515, 2022 U.S. Dist. LEXIS 165894, at *16 (E.D. Tenn. Sept. 14, 2022) (same). The Court notes that Plaintiff states that he was denied habeas relief in state court, but he has not sought habeas relief in federal court.

For these reasons, the action will be dismissed for failure to state a claim upon which relief may be granted by separate Order. The action will be dismissed without prejudice. *See Franklin*, 2022 U.S. Dist. LEXIS 165894, at *16 (dismissing § 1983 claim challenging the length and terms

of the plaintiff's parole without prejudice) (citing *Justice v. Pickell*, No. 05-74882-DT, 2006 U.S. Dist. LEXIS 5375, *4-5 (E.D. Mich. Jan. 27, 2006)).

Date:   November 25, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010